IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMILIO MARQUEZ GOMEZ, <br> #97981-279, <br> MOVANT, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, <br> RESPONDENT. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> CASE NO. 3:22-CV-138-B-BK <br> (CRIMINAL NO. 3:19-CR-372-B-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition on the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Movant Emilio Marquez Gomez. As detailed herein, the motion should be **DENIED**.

**I. BACKGROUND**

After numerous arrests, convictions, deportations, and subsequent illegal reentries into the United States, in 2020, Gomez pled guilty in this Court to Illegal Reentry After Removal form the United States, and was sentenced to 125 months' imprisonment. Crim. Doc. 32 at 2. His conviction was affirmed on direct appeal to the United States Court of Appeals for the Fifth Circuit. *United States v. Gomez*, 825 F. App'x 234, 234 (5th Cir. 2020) (per curiam). Gomez subsequently filed the instant motion to vacate, correct or set aside his conviction pursuant to 28 U.S.C. § 2255. Doc. 1; Doc. 5. The Government filed a response, and Gomez filed a reply. Doc. 9; Doc. 13.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. See *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction if: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'" *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted). Section 2255, is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

Here, Gomez claims that his counsel was constitutionally ineffective. Doc. 1 at 4-7. To establish ineffective assistance of counsel, a movant must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove deficient performance under the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Moreover, to demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The movant bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

**A. Failure to Contest the Constitutionality of the Illegal Reentry Statute (Ground 1)**

Citing a since-overturned 2021 District of Nevada case, *United States v. Carillo-Lopez*, 555 F.Supp.3d 996 (D. Nev. 2021), *reversed and remanded by United States v. Carillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023), Gomez claims that his counsel was ineffective for not arguing that the illegal reentry statute, 8 U.S.C. § 1326, is unconstitutional because it violates the Equal Protection Clause of the Fifth Amendment. Doc. 1 at 4; Doc. 5 at 3. Contrary to Gomez's assertion, such argument wholly lacks merit. *See United States v. Barcenas-Rumualdo*, 53 F.4th 859, 864-867 (5th Cir. 2022) (upholding the constitutionality of Section 1326).

Counsel is not ineffective for failing to make a meritless legal argument. *See*, *e.g.*, *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument…cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.")). Thus, Gomez's claim fails.

**B. Erroneous Advice Regarding Sentence Length (Ground 2)**

Gomez also claims that his counsel "led [him] to believe that he faced a sentence based on level eight and with his criminal history would face less than five years." Doc. 1 at 5. Allegedly, his counsel "specifically told [him] that he would not receive the argued enhancement [under USSG § 2L1.2(b)(2)(A)] ." Doc. 12 at 2.

Even assuming *arguendo* that Gomez's counsel gave him erroneous advice, Gomez fails to show prejudice, to-wit, that there is a reasonable probability that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Gomez makes no attempt to show prejudice. He does not allege that he would have insisted on going to trial if his counsel did not give him the allegedly bad advice regarding sentence length. Even if he had made that assertion, the record belies it.

As the Government notes, at rearraignment, Gomez acknowledged under oath that while he had discussed with his counsel how the sentencing guidelines might apply in his case, he understood that the Court had the authority to impose a sentence that was within, above, or below the Guideline range. Crim. Doc. 37 at 9-10. Moreover, he acknowledged that no one had made any promises or assurances to him to induce him to plead guilty, and that he understood that if he was found guilty, he would be sentenced within the statutory range and he would not be able to withdraw his plea if his sentence was greater than he expected. Crim. Doc. 37 at 15-17.

Because Gomez's statements were made under oath, they are entitled to a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (prisoners who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court). Gomez offers nothing to overcome that

presumption, and merely argues that he did not deem his counsel's assurances were promises and therefore did not believe they were captured within the Court's inquiry about whether any promises inducted his guilty plea. Doc. 12 at 2. The Court finds incredulous Gomez's explanation for the conflict in his current position and his sworn testimony at rearraignment. At bottom, Gomez acknowledged under oath that he understood that the Court alone would determine his sentence and that it could be within, above, or below the Guideline range, and with that knowledge, he plead guilty. Crim. Doc. 37 at 9-10.

Gomez's second ground for relief is meritless and should be denied.[1]

### C. Applicability of Section 1326(b)(2) in Light of *Borden v. United States*, 141 S. Ct. 1817 (2021) (Ground 3)

In his final claim, Gomez argues that he should not have been sentenced under Section 1326(b)(2) because his predicate crime was not an "aggravated felony" under the Supreme Court's holding in *Borden v. United States*, 141 S. Ct. 1817 (2021). Gomez appears to allege both court error and ineffective assistance of counsel for failing to object to the applicability of Section 1326(b)(2).

Gomez received a 10-level guideline enhancement pursuant to Section 1326(b)(2), which increases that maximum punishment to 20 years imprisonment when the alien's previous

---

[1] The Court does not understand Gomez to argue that his counsel offered a specific promise about what the length of his sentence would be to induce a guilty plea, but rather incompetent advice about whether an enhancement would apply. Doc. 5 at 5 (characterizing the claim as one of "mis-advis[ing]"). If Gomez were claiming that his counsel promised him a certain sentence to induce his guilty plea, the Court agrees with the Government that, in light of Gomez's sworn testimony that no such promises were made, he would need to show through competent evidence (usually in the form of third-party affidavits) (1) the exact terms of the alleged promise, (2) the identity of the person who made the promise and when and where the promise was made, and (3) the "precise identity of an eyewitness to the promise." *Cervantes*, 132 F.3d at 1110. Gomez offers nothing like that.

"removal was subsequent to a conviction for commission of an aggravated felony." For purposes of this enhancement, an "aggravated felony" includes a "crime of violence" as defined in Section 16 of Title 18, 8 U.S.C. § 1101(a)(43)(F), and a "crime of violence" is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). In *Borden*, the Supreme Court—interpreting identical language in the Armed Career Criminal Act—held that offenses that could be committed by recklessly causing bodily injury are not crimes that require the use, attempted use, or threatened use of physical force. *Borden*, 141 S. Ct. at 1835 (Thomas, J., concurring the in the judgment). Gomez argues that because Texas aggravated robbery can be committed recklessly, his 2006 Texas conviction for the same is not an "aggravated felony" under Section 1326(b)(2). Doc. 5 at 6. The Court agrees with the Government that this claim fails for multiple reasons.

      First, Gomez did not present this argument on direct appeal. *See Gomez*, 825 F. App'x at 234. As noted, a Section 2255 challenge is not a substitute for a direct appeal, and a defendant generally may not bring a challenge under Section 2255 that could have been brought on direct appeal, because such claim has been procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998). To overcome a procedural default, the petitioner must demonstrate either "cause" and "actual prejudice" or that he is "actually innocent." *Bousley*, 523 U.S. at 622 (internal quotation marks omitted). "That is so even where a new substantive rule has been announced, such that it would apply retroactively to non-defaulted challenges on collateral review." *United States v. Lovick*, ---F.Supp.3d---, 2023 WL 3222416, at *4 (citing *Bousley*, 523 U.S. at 617-24).

      Gomez has not argued that cause and prejudice exist to excuse the procedural default or that he is actually innocent. He has therefore procedurally defaulted a claim that the Court erred

Page **6** of **9**

in sentencing him under Section 1326(b)(2).  *See*, *e.g.*, *Lovick*, 2023 WL 3222416, at *4 (finding that the petitioner defaulted similar *Borden*-based challenge that a predicate crime was a not a "crime of violence" by not raising it on direct appeal).

Even if the claim was not procedurally defaulted, because it is premised on a failure-to-object ineffective assistance of counsel theory—a type of claim that ordinarily cannot be presented on direct appeal—it is nevertheless meritless.  *See United States v. Gaudet*, 81 F.3d 585, 589 n.5 (5th Cir. 1996) (citation omitted) (ineffective assistance claims are usually considered through a collateral review).  In *United States v. Jackson*, 30 F.4th 269, 275 (5th Cir. 2022) the Fifth Circuit reiterated that the Texas robbery statute is divisible and creates two distinct crimes—a robbery-by-injury crime that can be committed recklessly and a robbery-by-threat crime that can only be committed intentionally or knowingly.  Thus, the success of Gomez's argument depends upon the type of robbery of which he was convicted in 2006.

Such determination requires the Court to consider "extra-statutory materials" to "discover" the crime of conviction.  *Pereida v. Wilkinson*, 141 S. Ct. 754, 765-66 (2021).  But Gomez has not provided any documents showing that the 2006 aggravated robbery was a robbery-by-injury, despite it being his burden to make that showing.  *See id*. at 765-66 (the party with the burden of proof must show what part of divisible criminal statute was violated); *Barnes v. United States*, 579 F.2d 364, 366 (5th Cir. 1978) ("Under Section 2255, Barnes had the burden of showing that he was entitled to relief.") (citation omitted).  And the details about the 2006 crime in the PSR hint that it was a robbery-by-threat.  Crim. Doc. 23-1 at 8-9.  Gomez has failed to show that the 2006 aggravated robbery was a robbery-by-injury, and he therefore fails to show that it was not an "aggravated felony" for purposes of Section 1326.

Finally, even if Gomez's prior offense was robbery-by-injury, before his conviction in this case, Gomez had previously been convicted of illegal reentry after an aggravated felony under Section 1326(b)(2), which is itself an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(O); *United States v. Gamboa-Garcia*, 620 F.3d 546, 548 (5th Cir. 2010). The Government correctly notes that, when, as here, the defendant previously pled guilty to an illegal reentry after aggravated felony conviction, he cannot collaterally challenge the propriety of that conviction in later criminal proceedings for a subsequent reentry. *United States v. Piedra-Morales*, 843 F.3d 623, 624-25 (5th Cir. 2016) (per curiam).

In short, Gomez procedurally defaulted his claim that his 2006 aggravated robbery conviction was not a crime of violence under *Borden*; alternatively, the claim lacks merit.

### III. CONCLUSION

Gomez's Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on October 19, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).